**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose NAVARETTE–JACINTO,**
**Defendant–Appellant.**

No. 04–41023.
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided March 3, 2006.

James Lee Turner, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

**420**

PER CURIAM: *

Jose Navarette–Jacinto appeals his guilty-plea conviction and sentence for illegal reentry into the United States following deportation. He argues that the district court committed reversible error under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the guidelines. As the Government concedes, Navarette preserved this issue for review by raising an objection based upon *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in the district court. *See United States v. Walters*, 418 F.3d 461, 462–63 (5th Cir.2005). Accordingly, the question before us "is whether the government has met its burden to show harmless error beyond a reasonable doubt." *Id.* at 464.

The district court erred by sentencing Navarette under the mistaken belief that the guidelines were mandatory. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005). The district court sentenced Navarette at the low end of the guidelines range, and nothing in the record indicates what sentence it would have imposed had it known that the guidelines were advisory. In these circumstances, the Government has not met its "arduous burden" of showing that the error was harmless. *United States v. Garza*, 429 F.3d 165, 170 (5th Cir.2005) (internal quotation marks omitted). Accordingly, we vacate Navarette's sentence and remand to the district court for resentencing.

Navarette's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct.

1219, 140 L.Ed.2d 350 (1998). Although Navarette contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Navarette properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.